

CJ-12-2099
Stuart

ROGER H. STUART

## IN THE DISTRICT COURT OF OKLAHOMA COUNTY
## STATE OF OKLAHOMA

| | | |
|---|---|---|
| **DOUGLAS W. BRANT d/b/a** | § | |
| **BETHANY MEDICAL CLINIC,** | § | **CJ- 2012 - 2 0 9 9** |
| | § | |
| **Plaintiff,** | § | |
| | § | FILED IN THE DISTRICT COURT |
| **v.** | § | **Case No.** OKLAHOMA COUNTY, OKLA. |
| | § | |
| **STATE FARM FIRE AND** | § | APR – 2012 |
| **CASUALTY COMPANY,** | § | PATRICIA PRESLEY, COURT CLERK |
| | § | by |
| **Defendant.** | § | DEPUTY |

## PLAINTIFF'S ORIGINAL PETITION

COMES NOW Plaintiff, DOUGLAS W. BRANT d/b/a BETHANY MEDICAL CLINIC ("Plaintiff"), by and through his attorney of record, David A. Christoffel, of the law firm of Arguello, Hope & Associates, P.L.L.C., and for his causes of action against Defendant State Farm Fire and Casualty Company ("State Farm" or "Defendant"), and alleges and states as follows:

1.      Plaintiff, DOUGLAS W. BRANT d/b/a BETHANY MEDICAL CLINIC, entered into contracts with Defendant, State Farm, whereby State Farm would provide property insurance for his commercial property located at 6801 NW 39th Expressway, Bethany, State of Oklahoma, in exchange for timely payments of premiums.

2.      State Farm is a foreign corporation, headquartered in Bloomington, Illinois. Plaintiff has sent three copies of this *Petition* and summons and the appropriate fee to the Oklahoma Insurance Department to forward service of process to Defendant State Farm.

1



3.      On or about the 19th day of May 2010, a hail and wind storm struck Oklahoma County, and specifically the above described properties, thereby causing property damage.

4.      Shortly after the above described hail and wind storm, Plaintiff notified Defendant of the property damage to Plaintiff's properties.

5.      Plaintiff provided Defendant with access to the insured properties for inspection and provided all information requested and necessary to pay the amount due and owing under the policy of insurance.

6.      Despite the above, Defendant has failed to pay Plaintiff all of the benefits owed under the terms of the policies, even though the policy provided coverage for losses such as those suffered by Plaintiff.

7.      Defendant State Farm's acts and omissions in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of Defendant with regard to handling of these types of claims for damage.

8.      Defendant's entire process for handling claims, such as those of Plaintiff, is unfairly designed to reach favorable outcomes for the company at the expense of the policyholders.

## I.

## JURISDICTION AND VENUE

9.      Plaintiff owned, and continues to own, a commercial property located in Oklahoma County, Oklahoma, at the time the subject contract was entered into.

10.     The insured property is located at 6801 NW 39th Expressway, Bethany, Oklahoma 73008.

11.     Defendant State Farm sells insurance products within Oklahoma County, Oklahoma.

2

12.    Defendant State Farm is registered with the Oklahoma Insurance Department and is licensed to provide property insurance in the State of Oklahoma.

13.    Jurisdiction and venue are both proper within the District Court of Oklahoma County, Oklahoma.

## II.

### FIRST CAUSE OF ACTION
### BREACH OF CONTRACT

14.    All preceding paragraphs are incorporated by reference.

15.    On May 16, 2010, Plaintiff had an insurance policy with State Farm (Policy Number 96-C9-7533-9 F) which covered the property against hail and wind damage.

16.    Plaintiff paid his insurance premiums in a timely fashion.

17.    State Farm was timely notified of the property damage, yet failed to pay benefits to Plaintiff in accordance with the insurance policies.

18.    State Farm thereby breached the contract of insurance with Plaintiff.

19.    State Farm continues to breach the contract of insurance with Plaintiff.

20.    Because of the conduct of State Farm, Plaintiff has been compelled to engage the services of an attorney to prosecute this action. Plaintiff is entitled to recover a reasonable sum for the necessary services of the attorneys in the preparation and trial of this action and for any appeals to the Court of Appeals or the Oklahoma Supreme Court, in accordance with 36 Okla. Stat. § 3629(B).

## III.

### SECOND CAUSE OF ACTION
### BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

21.    All preceding paragraphs are incorporated by reference.

22.     From and after the time Plaintiff's claims was presented to State Farm, State Farm's liability to pay the claims in accordance with the terms of the insurance policy was reasonably clear. Despite there being no basis on which a reasonable insurance company would have relied to deny payment of Plaintiff's claims, State Farm refused to accept the claim and pay Plaintiff as the policy required.

23.     Consequently, State Farm breached its duty to deal fairly and in good faith with Plaintiff. State Farm's breach was a proximate cause of the losses, expenses, and damages suffered by Plaintiff, as more specifically described below.

24.     Plaintiff has suffered injury independent of the loss of policy benefits, and that injury resulted from State Farm's gross negligence, malice, or actual fraud, which entitles Plaintiff to punitive damages in accordance with 23 Okla. Stat. § 9.1.

25.     The conduct described in the above two paragraphs constitutes a breach of State Farm's duty of good faith and fair dealing that was owed to its insured customer, Douglas W. Brant d/b/a Bethany Medical Clinic, which entitles Plaintiff to recover fifteen percent interest (15 %) upon monies owed pursuant to 36 Okla. Stat. § 3629 (B).

26.     Due to the unreasonable and bad faith denial of Plaintiff's claims by State Farm, Plaintiff has incurred various damages including mental distress associated with many delays on the part of the foregoing entity in pursuing this claim against it. State Farm has also compelled Plaintiff to employ these attorneys and to pay court costs associated with this action.

## IV.

## WAIVER AND ANTICIPATORY BREACH

27.     State Farm waived its contractual rights under the Policy, including but not limited to

4

appraisal, due to State Farm's delay, State Farm's unfair actions, State Farm's breach of the underlying contract, and State Farm's unconditional denial of all or part of Plaintiff's claims. Additionally, State Farm's breach of the underlying contract relieves Plaintiff of any corresponding obligations, including but not limited to appraisal. State Farm's unjust and unreasonable delay and denial of Plaintiff's claim estops State Farm from attempting to subsequently enforce provisions of the policy.

## V.

## DAMAGES

28.    State Farm's conduct in this matter was the producing and proximate cause of harm to Plaintiff in at least the following respects:

  a.  Actual damages, including but not limited to, all general damages and the Value of benefits due under insurance policy;

  b.  Exemplary Damages;

  c.  Reasonable and necessary attorney's fees;

  d.  Pre-judgment and Post-judgment interest as provided by law;

  e.  Court Costs;

  f.  All other and further relief to which Plaintiff may be justly entitled.

## VI.

## CONDITIONS PRECEDENT

29.    All conditions precedent to Plaintiff's claims for relief have been performed or have occurred.

## VII.

## JURY DEMAND

30.   Plaintiff demands a jury trial and tenders the appropriate fee with this petition.

## VIII.

## **PRAYER**

WHEREFORE, Douglas W. Brant d/b/a Bethany Medical Clinic, prays that he take judgment against State Farm Fire and Casualty Company for breach of contract and for breach of the duty of good faith and fair dealing for actual damages in excess of $10,000.00, and punitive damages in excess of $10,000.00, costs, interest, attorney fees and any other remedy which this court deems meet and just.

Respectfully Submitted,

David A. Christoffel, OBA # 20967
Arguello, Hope & Associates, PLLC
1110 Nasa Parkway, Suite 620
Houston, Texas 77058
281-532-5529 Telephone
281-402-3534 Facsimile

Attorney for Plaintiff,
Douglas W. Brant d/b/a Bethany Medical Clinic

Attorney Lien Claimed