

# Berryman

426 N.W. 5TH
Oklahoma City, OK 73102
Off: (405) 235-4646
Fax: (405) 235-3311
Email: mberryman@berrymanokc.com

February 11, 2013

Dan Andrews
Jones, Andrews & Ortiz
10100 Reunion Place, Suite 600
San Antonio, Texas 78216

Re: Douglas W. Brant d/b/a Bethany Medical Clinic v.
State Farm Fire and Casualty Company
United States District Court
Western District of Oklahoma
Case No: CIV-12-656 F
Berryman Project No. 13-01-22E

Dear Mr. Andrews:

The following report details to date my pertinent observations, opinions and conclusions related thereto and can be changed only in writing by the undersigned. My opinions are based upon my review of the documentation provided to me. In forming my opinions I utilized my thirty-four (34) years experience as a construction general contractor as well as my formal education, training and knowledge previously acquired. I reserve the right to supplement this report to address additional information made available to me and to provide illustrative exhibits at a later date.

## QUALIFICATIONS

I have been a general contractor since 1978 and have performed numerous property restoration projects for owners whose building structures have sustained damages caused by hail. I routinely examine structures for the



EXHIBIT 4

6801 N. W. 39th Expressway  
Bethany, Oklahoma  
United States District Court, Western District of Oklahoma

February 11, 2013  
Page 2  
Case # CIV 12-656-F

extent and cause of sustained damages and submit construction proposals to the public for a property's restoration. In the regular course of business I estimate the construction cost and outline the scope of work that is an integral part of my firm's offers to contract for needed property restoration. I interface with insurance professionals in the course of business and have developed a keen understanding of the customary means, methods and pricing for the restoration of damaged real property.

## DOCUMENTS REVIEWED

Subpoena Duces Tecum due Feb 11, 2013

State Farm's estimates and photographs and records from Blake & Ellis; and CD with Forensic Building Science documents

DUPLICATE State Farm's estimates and photographs and records from Blake & Ellis; and CD with Forensic Building Science documents info as above delivery on 1/25/13 with EXCEPTION of included Plaintiff's Expert Disclosures

Plaintiff's Expert Disclosures

Forensic Building Science, Inc. photographs

## BACKGROUND/DISCUSSION

On or about May 16, 2010, the Oklahoma City area experienced storm activity that brought with it some hail. Mr. Douglas Brant (Brant), owner of the commercial building structure located at 6801 N. W. 39th Expressway, Bethany, Oklahoma, claimed that the building suffered damages as a result of the storm activity and filed a property insurance claim with State Farm Fire and Casualty Company (State Farm) under Policy #96-C9-7533-9. State Farm assigned the claim # 36-F506-026 and first inspected the building on June 4, 2010. State Farm found damages to the a/c condenser cooling fins and the exhaust caps on the roof.

A dispute arose as Brant claimed the storm damages were much more extensive than those identified by State Farm and included building's entire roof system and portions of the interior. In this matter, Brant seeks recovery from State Farm for the removal/replacement of the building's roof system and

6801 N. W. 39th Expressway  
Bethany, Oklahoma  
United States District Court, Western District of Oklahoma

February 11, 2013  
Page 3  
Case # CIV 12-656-F

restoration of interior water damages. Brant submitted an estimate and report issued by Forensic Building Sciences, Inc. to support his claim.

I reviewed the documents outlined above to form opinion(s) concerning:

1. The property damage estimate, dated 6/1/12, submitted by Tom Irmiter (Irmiter) of Forensic Building Sciences, Inc.

2. The Storm Damage Report, dated January 18, 2013, submitted by Brian Craig Johnson, P.E. (Johnson) of Forensic Building Sciences, Inc.

3. The damage estimates created by Billy Ellis Roofing (Ellis) and Blake Roofing (Blake)

4. The State Farm estimate.

## SUMMARY OF OPINIONS

*Opinion #1:* *The Irmiter damage estimate is significantly over scoped and includes replacement of the entire roof system even though there is no factual support that it needs replacement due to hail damage. It includes other ancillary items that are clearly unnecessary. Many of the quantities used in the estimate are excessive and others could not be verified. Similarly, the source of the unit pricing is unknown. The overhead and profit mark-ups are above the market standard for restoration work. The Irmiter estimate is flawed to the degree that it has little merit in determining the expected costs to restore the hail damages to the building.*

*Opinion #2:* *Brian Johnson, P.E. concludes that the interior damages he noted at the interior of the building were evidence of "a catastrophic failure of the roof membrane" presumably caused by hail damage; however, he offers no accepted industry standard evidence of hail damage to the roof membrane. He conducted no roof cores and no roof membrane test cuts to establish the presence of concentric fractures in the membrane material. On the contrary, the roof photographs submitted by Johnson and others show evidence of small hail impact having affected the HVAC cooling fins and the soft metal exhaust vents, only. Johnson's scope of repair is unfounded and goes beyond what is necessary to restore hail damage. It goes beyond what will actually be required by the City of Bethany.*

*Opinion #3:* *I have reviewed the various roof estimates provided by Billy Ellis (Ellis) Roofing and Blake (Blake) Roofing. Although Plaintiff appears not to rely on these estimates, each of them has shortcomings. The estimates go beyond repairing hail damage, but instead address roof replacement. Even so, they*

6801 N. W. 39th Expressway  
Bethany, Oklahoma  
United States District Court, Western District of Oklahoma

February 11, 2013  
Page 4  
Case # CIV 12-656-F

have been calculated using either excessive quantities, unverified insulation components and/or represent the use of materials that go beyond the replacement of "like kind and quality".

**Opinion #4:** State Farm estimated the hail damages to the Brant property. I believe the estimate was adequate to restore the damages that were present.

***

## BASIS OF OPINIONS

**Opinion #1:** The Irmiter damage estimate is significantly over scoped and includes replacement of the entire roof system even though there is no factual support that it needs replacement due to hail damage. It includes other ancillary items that are clearly unnecessary. Many of the quantities used in the estimate are excessive and others could not be verified. Similarly, the source of the unit pricing is unknown. The overhead and profit mark-ups are above the market standard for restoration work. The Irmiter estimate is flawed to the degree that it has little merit in determining the expected costs to restore the hail damages to the building.

1.1   An accurate estimate is a reasonable compilation of the expected costs for the restoration of damages. Typically, four parameters are utilized in the formulation of a damage restoration estimate:

    1. Conceptualizing the necessary scope of work to restore the damages.

    2. Calculation of the quantity of the components that will be required to restore the damages.

    3. Utilization of unit pricing representative of the geographical locale in which the damaged property is located.

    4. Application of industry standard overhead and profit mark-ups.

1.2   Irmiter's scope of work is improper for it contemplates a full removal/replacement of the entire roof. No evidence supports the need for full replacement of the roof due to hail damage.

6801 N. W. 39th Expressway  
Bethany, Oklahoma  
United States District Court, Western District of Oklahoma

February 11, 2013  
Page 5  
Case # CIV 12-656-F

1.3   Irmiter erred as he incorporated other items that were excessive and unnecessary for restoration of hail damage to the Brant property. Although not intended to be an exhaustive recount of such instances, examples include:

- A $10,000 contingency for "unknown conditions due to age of the structure"

- Providing for the use of a 3200 watt power generator for twenty (20) weeks at a cost of $3,564.00. Temporary power would not be necessary to correct the hail damages noted.

- Estimating $732.60 for the cost of a storage trailer for twenty (20) weeks.

- Including the cost of a temporary toilet.

- Exhaust fan, HEPA filtered for containment area, $443.52

- Estimating the full removal/replacement of a built-up roof (BUR) and the application of aluminum UV coating when the roof was actually a single ply modified bitumen roof.

- Replacement of pipe jacks and removal/reset of HVAC units. The need for these items would only arise from the need to replace the roof due to hail damage and said need was not established.

- Installation of 2" polyisocyanurate (ISO) insulation. No core samples of the roof were taken; hence, there is no evidence that ISO is present in the existing roof system. Further, this item, although perhaps required by the International Energy Code Council (IECC), would not be required by the City of Bethany for the City of Bethany has not adopted the IECC.

- Tapered insulation, an upgrade to roof system.

- Irmiter's assumption on the presence and type of insulation makes a significant impact on the total of his estimate. The following table reveals the some of the differences in unit prices for insulation (source: Xactimate, Oklahoma City May, 2010):

6801 N. W. 39th Expressway  
Bethany, Oklahoma  
United States District Court, Western District of Oklahoma

February 11, 2013  
Page 6  
Case # CIV 12-656-F

## UNIT PRICE COMPARISONS

| Qty | Description | Xactimate Unit Cost | Difference | % Difference |
|---|---|---|---|---|
| SQ | R&R Insulation - ISO board, 2" | $226.35 | $0.00 | 0 |
| SQ | R&R Fiberboard - 2" | $154.00 | ($72.35) | (32%) |
| SQ | R&R Insulation - fiberglass board, 1" | $165.72 | ($60.63) | (27%) |
| SQ | R&R Insulation - ISO board, 1" | $161.98 | ($64.37) | (28%) |
| SQ | R&R Insulation - polystyrene board, 1" | $153.48 | ($72.87) | (32%) |
| SQ | R&R Insulation - fiberglass board, 3/4" | $144.06 | ($82.29) | (36%) |
| SQ | R&R Fiberboard - 1/2" | $106.00 | ($120.35) | (53%) |

- Remove/reset AC compressor. This item is unnecessary as the roof does not need replacement due to hail damage.

- Chimney Saw Kerf flashing. Correcting the noted hail damage to the Brant roof would not require this step.

- Removal/replacement of 1,800 SF of ½" thick sheathing. Not required to correct hail damages noted.

1.4 Irmiter also estimated the repair of water damage to walls, ceilings and floors of the building that he believed were the result of hail damages to the building. It is highly unlikely that hail impact caused any breach or opening in the roof system that would allow water intrusion. Further, no photography provided by any source shows any opening created by hail.

1.4.1 Irmiter estimated interior items for which there is no basis. Although not intended to be an exhaustive recount, some examples include:

6801 N. W. 39th Expressway  
Bethany, Oklahoma  
United States District Court, Western District of Oklahoma

February 11, 2013  
Page 7  
Case # CIV 12-656-F

- **1.4.1.1** Replacing 100% of the acoustical ceiling tiles in many rooms when the photography of most ceilings indicates limited areas of damaged ceiling tiles.

- **1.4.1.2** Including an up charge for "fire rated tiles installed with clips" when no evidence of same was presented.

- **1.4.1.3** Providing for the anti-microbial treatment and encapsulation of framing, presumably contaminated by fungal growth. There is no empirical evidence that these steps were necessary; moreover, they go beyond the restoration of water damages and address fungal growth.

- **1.5** Irmiter's estimate often lacked the detail necessary to verify the quantity of components he estimated:

- **1.5.1** His estimate provided no room dimensions and the location of the rooms within the building was unknown.

- **1.5.2** His photographs show interior damage but the makes no cross reference between them and the various rooms of his estimate.

- **1.5.3** It appears that he did not tie a hail created opening to the corresponding interior water damages he believes were caused by hail damage.

- **1.6** Irmiter's calculations were many times inaccurate and inflated his estimate. Although not intended to be an exhaustive recount, examples include:

- **1.6.1** Excessive crane usage. ($6,930)

- **1.6.2** The building permit for his scope of work was mistakenly estimated at $7,700. Per my conversation with Leon Christian, (Christian) Chief Building Inspector and Code Enforcement Official for the City of Bethany, the building permit for a work envisioned by Irmiter would be $29.50.

- **1.6.3** Calculating the roof surface at 27,255 SF. Eagle View Technologies, a satellite based assay system, measured the roof surface at 22,793 SF; hence, Irmiter's estimate is approximately 20% greater than the actual size of the roof. This caused those items of Irmiter's estimate that are related to the roof surfaces, (i.e. roofing labor/materials, roof insulation, tapered insulation and UV coating) to be unnecessarily inflated.

- **1.7** Irmiter did not identify the data source, time period or geographical area he referenced to determine the unit pricing he used in his estimate; consequently, I was unable to verify its accuracy.

6801 N. W. 39th Expressway  
Bethany, Oklahoma  
United States District Court, Western District of Oklahoma

February 11, 2013  
Page 8  
Case # CIV 12-656-F

- 1.7.1 I referenced the Xactimate pricing database for the Oklahoma City area, February, 2013. Xactimate is a software estimating program that I use in the regular course of business as a restoration contractor. Irmiter's pricing for built-up roofing is higher than Xactimate's pricing for modified bitumen roofing, the roof system that is in place. This mistake served to inflate his estimate.

- 1.7.2 The overhead and profit (OHP) mark-up in Irmiter's estimate was 21% and in excess of industry standard for restoration work. The typical mark-up for OHP is 20%. This served to further inflate the estimate.

***********************************************************************

**Opinion #2:** *Brian Johnson, P.E. concludes that the interior damages he noted at the interior of the building were evidence of "a catastrophic failure of the roof membrane" presumably caused by hail damage; however, he offers no accepted industry standard evidence of hail damage to the roof membrane. He conducted no roof cores and no roof membrane test cuts to establish the presence of concentric fractures in the membrane material. On the contrary, the roof photographs submitted by Johnson and others show evidence of small hail impact having affected the HVAC cooling fins and the soft metal exhaust vents, only. Johnson's scope of repair is unfounded and goes beyond what is necessary to restore hail damage. It goes beyond what will actually be required by the City of Bethany.*

- 2.1  Johnson describes the failure of the roof membrane as "catastrophic". He references no photographic evidence to support his notion the leaking roof is the result of hail impact.

- 2.2  Identifying concentric ring fractures would have been a standard marker for evidence of hail impact to a BUR or modified bitumen roof. Johnson did not photograph, and apparently did not find, concentric ring fractures in the membrane. Neither did he conduct any test cuts to prove the presence of fracturing on the back of the exposed surface membrane layer.

- 2.3  The Johnson photographs, as well as the photographs taken of the roof by others, show telltale signs of extended wear, age and deferred maintenance. Some examples include:

- 2.3.1  Significant loss of granulation and exposure of the bitumen mat to ultraviolet degradation.

6801 N. W. 39th Expressway  
Bethany, Oklahoma  
United States District Court, Western District of Oklahoma

February 11, 2013  
Page 9  
Case # CIV 12-656-F

**2.3.2** Significant ponding of water from poor drainage. The ponding has led to accumulation of dirt deposits, vegetation growth and a leaching of resins from the bitumen mat.

**2.3.3** "Alligatoring of the surface of the bitumen mat.

**2.3.4** Present seam failures and evidence of past seam failures. Photography provides evidence that some of the seams have been treated with a topical application of trowel grade bitumen in an effort to fix un-adhered seams. Un-adhered seams will cause roof leaks. Hail did not cause seams to become un-adhered.

**2.3.5** Blistering of the roof membrane and previous repairs.

**2.3.6** Water entry points caused by fractures in the roof system at and about roof penetrations.

**2.3.7** Fiberglass strands delaminating from the bitumen mat

**2.3.8** HVAC condensate has been allowed to discharge onto the roof and pool, instead of being directed via drain piping to the roof edge or a roof drain.

**2.4** Johnson's photographs and the photography of others indicate the roof experienced only smaller hail impact. Examples include:

**2.4.1** The soft metal exhaust vents were dented by smaller hail.

**2.4.2** A skylight was not broken by hail. Typically, hail that is large enough to damage a bitumen roof is also of sufficient size to break a skylight, especially one that is older.

**2.4.3** Some of the roof top HVAC unit cooling fins that share the same elevation show inconsistent evidence of the presence and/or degree of the hail impact. The newer units appear to have little and/or less evidence of impact than the older units. HVAC units that share the same elevation should show similar impact evidence if they were exposed to the same hail event.

**2.5** Johnson errs in his conclusion that the building is subject to the provisions found in the International Energy Code (IECC). He contends that the insulation in the roof assembly as well as the performance of the HVAC units will be subject to IECC. Per Leon Christian, (Christian) Chief Building Inspector and Code Enforcement Official for the City of Bethany, the City of Bethany has not adopted the IECC; consequently, the IECC does not govern the restoration scope of work at the Brant building.

6801 N. W. 39th Expressway  
Bethany, Oklahoma  
United States District Court, Western District of Oklahoma

February 11, 2013  
Page 10  
Case # CIV 12-656-F

**2.6** Johnson purports that the HVAC cooling fins cannot be combed due to a loss of efficiency. This is inaccurate. Combing of cooling fins is a standard and industry acceptable manner for straightening fins impacted by hail.

**2.7** The City of Bethany will not require a licensed architect, engineer or mechanical engineer to develop roof plans, roof drainage plans, or stamp as approved any plans the restoration of any hail damage or roof removal/replacement should same be deemed necessary for any reason.

*************************************************************************

**Opinion #3:** *I have reviewed the various roof estimates provided by Billy Ellis (Ellis) Roofing and Blake (Blake) Roofing. Although Plaintiff appears not to rely on these estimates, each of them has shortcomings. The estimates go beyond repairing hail damage, but instead address roof replacement. Even so, they have been calculated using either excessive quantities, unverified insulation components and/or represent the use of materials that go beyond the replacement of "like kind and quality".*

**3.1** The Blake estimate, dated 12/1/10 for $271,192.61 has roofing quantities that are in excess of the Eagle View measurements. It proposes the replacement of two (2) layers of 2" ISO, although its presence in any quantity has not been demonstrated.

**3.2** The Ellis estimate, dated 6/23/10 for $124,233.78, uses accurate roof quantities but contemplates the use of a fully adhered, 90 mil rubber roof. A 90 mil rubber roof does not qualify as "like kind and quality" based on the roof system that was in place on the date of loss.

**3.3** The Blake estimate, dated 12/1/11 for $191,740.00, does not indicate the quantity of roofing; hence, this could not be verified. It provides for spray ISO insulation and a 32 mil Flex roof with an 18 mil coating. This scope does not qualify as a "like kind and quality" roof system.

**3.4** The Blake estimate, dated 7/25/12 for $173,768.00 also does not indicate the quantity of roofing; hence, it could not be verified. It proposes the replacement of 2" ISO, although its presence has not been substantiated.

*************************************************************************

6801 N. W. 39th Expressway  
Bethany, Oklahoma  
United States District Court, Western District of Oklahoma

February 11, 2013  
Page 11  
Case # CIV 12-656-F

**_Opinion #4:_** *State Farm estimated the hail damages to the Brant property. I believe the estimate was adequate to restore the damages that were present.*

4.1   State Farm utilized Xactimate, a software estimating program with which I am familiar and use in the regular course of business. The estimate line items and associated unit prices were sufficient to have the work performed in the greater Oklahoma City property restoration marketplace.

4.1.1   The sales tax rate of 8.5% was appropriate for Bethany, Oklahoma, site of the loss.

*******************************************************************************

I reserve the right to supplement this report to address additional information made available to me and to provide illustrative exhibits at a later date. Please find attached as a part of this report my current Curriculum Vitae which lists publications I have authored during the last ten (10) years and all cases in which I have given testimony, both at deposition and trial over the last four (4) years. It establishes my qualifications and my compensation.

Sincerely,

Michael J. Berryman  
BERRYMAN ENTERPRISES, INC.

13-01-22E.report

6801 N. W. 39th Expressway  
Bethany, Oklahoma  
United States District Court, Western District of Oklahoma

February 11, 2013  
Page 12  
Case # CIV 12-656-F



**Berryman**  
426 N.W. 5TH  
Oklahoma City, OK 73102  
Off: (405) 235-4646  
Fax: (405) 235-3311

## CURRICULUM VITAE

**Name:** Michael J. Berryman  
**Born:** September 23, 1957  
Lincoln, Nebraska

**Occupation:**

President and Chief Executive Officer  
Berryman Enterprises, Inc.  
General Contractor / Consultant  
426 N.W. 5th Street  
Oklahoma City, Oklahoma 73102

**Formal Education:**

B.A., Vanderbilt University 1979  
Molecular Biology

**Licenses:**

Qualifying Agent (QA) and/or Qualifying Managing Employee (QME) for licensure and/or operating authorization in the following states:

| | |
|---|---|
| Arkansas | Nebraska |
| Louisiana | Virginia |
| Mississippi | West Virginia |

6801 N. W. 39th Expressway  
Bethany, Oklahoma  
United States District Court, Western District of Oklahoma

February 11, 2013  
Page 13  
Case # CIV 12-656-F

### Honors, Awards:

      1996 Metro Journal Award  
      1997 Metro Journal Award  
      1998 Oklahoma Venture Forum Award  
      1998 Metro Journal Award  
      1999 Inc. 100 Award by Inc. Magazine and ICIC

### Building Codes:

| | |
|---|---|
| UBC | Uniform Building Code |
| BOCA | Building Officials and Code Administration |
| SBCCI | Southern Building Code Congress International |
| IBC | International Building Code |
| CABO | Council of American Building Officials |

### Compensation Structure:

Expert services and review, study, estimation and written opinions shall be billed at a rate of $195.00/ hour.

Expert services at deposition and trial shall be billed at $295.00/hour.

### Previous Depositions and Court Appearances:

1)    Dennis G. Aime v. State Farm Fire and Casualty Company  
      Case #: 07-4839  
      United States District Court  
      Eastern District of Louisiana, State of Louisiana  
      Deposition Date: 03/12/09

2)    Kathleen and Gordon Schafer v. State Farm Fire and Casualty Company  
      Case #: 06-8262  Section "K"(2)  
      United States District Court  
      Eastern District of Louisiana, State of Louisiana  
      Trial Date: 04/08/09

3)    Robert Fjeldsted v. Farmers Insurance Company  
      Case #: CJ-2007-8213  
      District Court of Tulsa County, State of Oklahoma  
      Deposition Date: 04/29/09

6801 N. W. 39th Expressway  February 11, 2013
Bethany, Oklahoma  Page 14
United States District Court, Western District of Oklahoma  Case # CIV 12-656-F

4)  JMJ Properties v. State Farm Fire and Casualty Company
    Case #: Civil Action # 08-1384
    United States District Court
    Eastern District of Louisiana, State of Louisiana
    Deposition Date: 07/28/09

5)  Eakle v. Priscilla Carder, Copper Neal Ltd., dba Realty Executives Metro
    Case #: CJ-2007-7605
    District Court of Oklahoma County, State of Oklahoma
    Deposition Date: 08/26/09

6)  Carolyn Means and John Means v. David Patterson and Maureen Realty
    Case #: CJ-2008-158
    District Court of Carter County, State of Oklahoma
    Deposition Date: 10/27/09

7)  Shirley A. Darrell v. Urban Contractors, Inc.,
    Case #: CJ-2006-2815
    District Court of Oklahoma County, State of Oklahoma
    Deposition Date: 01/15/10

8)  Shirley A. Darrell v. Urban Contractors, Inc.,
    Case #: CJ-2006-2815
    District Court of Oklahoma County, State of Oklahoma
    Trial Date: 03/11/10

9)  Robert Fjeldsted v. Farmers Insurance Company
    Case #: CJ-2007-8213
    District Court of Tulsa County, State of Oklahoma
    Trial Date: 05/04/10

10) George and Ana Browning v. Mark Dale and Carriage Homes
    Case #: CJ-2009-5529
    District Court of Oklahoma County, State of Oklahoma
    Trial Date: 07/14/10

11) Vernon Bindel and Brenda Bindel v. Terry G. Gartside Company
    Case #: CJ-2008-603
    District Court of Creek County, State of Oklahoma
    Deposition Date: 08/25/10

12) Gregory B. Sims and Jo Ann Sims v. Lou Jean Prince; etc. Remax
    Case #: CJ-2008-366
    District Court of Comanche County, State of Oklahoma
    Deposition Date: 08/27/10

6801 N. W. 39th Expressway  
Bethany, Oklahoma  
United States District Court, Western District of Oklahoma

February 11, 2013  
Page 15  
Case # CIV 12-656-F

13) Gregory B. Sims and Jo Ann Sims v. Lou Jean Prince; etc. Remax  
Case #: CJ-2008-366  
District Court of Comanche County, State of Oklahoma  
Trial Date: 09/30/10

14) JMJ Properties v. State Farm Fire and Casualty Company  
Case #: Civil Action # 08-1384  
United States District Court  
Eastern District of Louisiana, State of Louisiana  
Trial Date: 10/14/10

15) Neil C. Abramson v. State Farm Fire and Casualty Company  
Case #: 2009-11718, Division E-7  
Civil District Court  
Parish of Orleans, State of Louisiana  
Deposition Date: November 30, 2010

16) Todd A. Archbald and Susan S. Archbald v. MAG Enterprises and Michael A. Gilles v. Manuel Ruiz, L. Christopher Curtis  
Case #: 2007-458  
District Court of Oklahoma County, State of Oklahoma  
Deposition Date: December 21, 2010

17) MM Property Holding, LLC v. J. L. Walker Construction, Inc.  
AAA Case No. 71-110-00732-09 02  
Oklahoma Interventional Pain Management Clinic  
Arbitration Date: February 8, 2011

18) Nicolas Lopez v. Farmers Insurance Company Inc.  
Case #: CIV-2010-584-HE  
United States District Court  
Western District of Oklahoma  
Deposition Date: March 8, 2011

19) ACT South and Allergy Clinic v. Reco Electric  
Case #: CJ-2004-7049  
District Court of Tulsa County, State of Oklahoma  
Trial Date: April 6, 2011

20) Laurie Jill Hast and Charles Ronald Mooney v.  
Forrester Consulting, Old World and Carillon Homes  
Case #: CJ-2008-6397  
District Court of Oklahoma County, State of Oklahoma  
Deposition Date: April 20, 2011

6801 N. W. 39th Expressway  
Bethany, Oklahoma  
United States District Court, Western District of Oklahoma

February 11, 2013  
Page 16  
Case # CIV 12-656-F

21) Thomas Hennebry and Candice Hennebry v.  
Wayne Long Construction, Inc., C&C Copper & Roofing etc.  
Case #: CJ-2008-1377-BH  
District Court of Cleveland County, State of Oklahoma  
Deposition Date: August 17, 2011

22) Michael and Roxanne Rohleder v.  
Matt Wilson Custom Homes and Matt Wilson v  
Isch & Associates and Crazy Horse Construction  
Case #: CJ-2008-3807  
District Court of Oklahoma County, State of Oklahoma  
Deposition Date: September 12, 2011

23) Thomas Hennebry and Candice Hennebry v.  
Wayne Long Construction, Inc., C&C Copper & Roofing etc.  
Case #: CJ-2008-1377-BH  
District Court of Cleveland County, State of Oklahoma  
Trial Date: October 12, 2011

24) George and Anna Browning v.  
Mark Dale, Carriage Homes and  
American National Property and Casualty Insurance  
Case #: CJ-2009-5529  
District Court of Oklahoma County, State of Oklahoma  
Deposition Date: January 3, 2012

25) Linda Fly, Nina Jonson, and Nancy Sumrall as Co-Trustees v.  
Security General  
Case #: CJ-2005-6363  
District Court of Oklahoma County, State of Oklahoma  
Deposition Date: February 14, 2012

26) David Miller v. Jose Valdez Gonzales, TMC Construction Company, Inc.  
And TMC Construction Company, LLC  
Case #: CJ-2009-4287  
District Court in and for Tulsa County, State of Oklahoma  
Deposition Date: March 19, 2012

27) Larry Hammer and Renay Hammer v.  
State Farm Fire and Casualty Company  
Case #: 5:11-cv-00157-HE  
United States District Court  
Western District of Oklahoma  
Deposition Date: April 17, 2012

6801 N. W. 39th Expressway  
Bethany, Oklahoma  
United States District Court, Western District of Oklahoma

February 11, 2013  
Page 17  
Case # CIV 12-656-F

28) The Travelers Indemnity Company v.  
Jones Public Works Authority, A Public Trust, Town of Jones City, an Oklahoma Municipality, and Pipeline Regulatory Consultants  
Cause #: CJ-2009-1089  
District Court of Oklahoma County, State of Oklahoma  
Deposition Date: September 20, 2012

29) Todd N. Tipton and Constance J. Tipton v.  
Matt Wilson Custom Homes, LLC, and Matt Wilson, an individual  
Case #: CJ-2010-5567  
District Court of Oklahoma County, State of Oklahoma  
Deposition Date: September 24, 2012

30) Elizama G. Langer, individually and as the personal representative of the estate of Juergen J. Langer, Wolfgang Langer, Abraham J. Langer, Elizama I. Langer v. 3M Company a/k/a Minnesota Mining & Manufacturing Company  
Case #: BC447695  
Superior Court of the State of California  
County of Los Angeles  
Deposition Date: October 1, 2012

31) Aimee and Westley Carter v.  
Pool Pros, Pool Pros, Inc., and Dustin Marco  
Case #: CJ-2010-918  
District Court of Comanche County, State of Oklahoma  
Deposition Date: November 19, 2012

32) Linda Fly, Nina Jonson, and Nancy Sumrall as Co-Trustees v.  
Security General  
Case #: CJ-2005-6363  
District Court of Oklahoma County, State of Oklahoma  
Trial Date: December 6, 2012

33) Cesar Martinez v. Berryman Enterprises, Inc  
Case #: CJ-2012-2430  
District Court of Oklahoma County, State of Oklahoma  
Deposition Date: December 19, 2012

34) Harvey McIntyre and Laverne McIntyre v. 3M Company  
Case #: 12-2-15555-1 SEA  
Superior Court of Washington for King County  
Deposition Date: January 10, 2013

6801 N. W. 39th Expressway  
Bethany, Oklahoma  
United States District Court, Western District of Oklahoma

February 11, 2013  
Page 18  
Case # CIV 12-656-F

35) Amy McHatton Jones v. Charles Jewell, Vernon and Elaine Elmore  
    Case #: CJ-2011-265  
    District Court of Carter County  
    State of Oklahoma  
    Deposition Date: February 5, 2013

## Seminars/Publications:

1) *The Mold Challenge in Oklahoma*, Continuing Legal Education (CLE) with the National Business Institute, July 14, 2003, Oklahoma City, Oklahoma

2) *The Mold Challenge in Oklahoma*, Continuing Legal Education (CLE) with the National Business Institute, April 19, 2004, Oklahoma City, Oklahoma