08/04/2006 15:57 IFAX fax@murnane.com → Inbound Fax ☒002/004
AUG. 4. 2006  3:54PM    GOODHUE_CTY              NO. 5432   P. 2

STATE OF MINNESOTA       DISTRICT COURT
COUNTY OF GOODHUE      FIRST JUDICIAL DISTRICT
     CIVIL DIVISION

In the Matter of:      Court File No. C5-04-739

Shelley Rudolf-Hopperstad and
Lon and Becky Hunnecke,
     Plaintiffs,

vs.      **FINDINGS AND ORDER**
     Precluding Expert Testimony

Southeastern Minnesota Multi-County
Housing & Redevelopment Authority,
     Defendant and Third-Party Plaintiff,

vs.

Robert Glen Enterprises, Jech Excavating Inc.,
and Sorensen Restoration, Inc.,
     Third-Party Defendants.

---

The above matter came before the Honorable Thomas W. Bibus, Judge of District Court, on July 28, 2006, for a hearing on Defendant's and all third party Defendant's motions in limine to exclude Plaintiff's expert witness, Thomas Irmiter, from testifying at trial. Appearances were as follows:

     Robert T. Scott, Esq., for the Plaintiffs
     Daniel E. Hintz, Esq., for Southeastern Minnesota Multi-county Housing and
         Redevelopment Authority
     Timothy J. Peters, Esq., for Robert Glen Enterprises
     Scott V. Kelly, Esq., for Jech Excavating, Inc.
     George F. Vogel, Esq., for Sorenson Restoration, Inc.
     Graham Clark, Esq., by special permission for Thomas Irmiter

Based upon the arguments of counsel, the submissions and affidavits on file, and all the files, records, and proceedings, the Court makes the following:



EXHIBIT 5

FILED
AUG 02 2006
YVONNE J. BLACK
COURT ADMINISTRATOR
BC        Dc

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

1. Plaintiffs have disclosed Thomas Irmiter as an expert for trial. Mr. Irmiter's claim of expertise is by virtue of his being a contractor. However, Mr. Irmiter holds no engineering decree and is not currently a licensed contractor. Inadequate foundation was laid that Mr. Irmiter is qualified to render an opinion that could be helpful to the fact finder in resolving the issues at trial.

2. Mr. Irmiter's residential building contractor's license was revoked by a Commissioner of Commerce's Consent Order issued April 5, 2001, after Mr. Irmiter agreed to informal disposition of the claims against him without a hearing on the matter. The Commissioner had commenced formal administrative action against Irmiter Contractors and Builders based on many allegations, including that Mr. Irmiter engaged in numerous fraudulent, deceptive, or dishonest practices.

3. Plaintiffs argue that Mr. Irmiter made no admissions as part of the administrative proceedings and that Mr. Irmiter has vast years of experience as a contractor. This argument is contradicted by Mr. Irmiter himself. By affidavit submitted in family court at the time of his dissolution, Mr. Irmiter adopted the position that he was no longer qualified to testify as an expert. The Court fails to see evidence that he has made any substantial change in that position.

4. Based on all the above, the Court finds that Mr. Irmiter is not sufficiently qualified to render an opinion in this matter.

Based on the above Findings of Fact and Conclusions of Law, the Court makes the following:

## ORDER

1. That the motions in limine are hereby GRANTED. Plaintiffs are prohibited from calling Mr. Thomas J. Irmiter to testify as an expert witness in this matter.

2. The time lines for Third-Party Defendant Jech Excavating, Inc.'s motion in limine were relaxed and the motion was heard with the other motions, without objection. Plaintiffs were given an opportunity to respond to all arguments in writing and at the motion hearing.

08/04/2006 15:57 IFAX fax@murnane.com → Inbound Fax ☐004/004
AUG. 4. 2006 3:54PM    GOODHUE_CTY    NO. 5432   P. 4

3.  That the matter shall be reset for Pre-Trial on <u>September 1, 2006, at 1:00 p.m.</u> at the Goodhue County Justice Center, 454 West Sixth Street, Red Wing, MN 55066.

Dated: August 2, 2006

BY THE COURT:

*[signature]*

Thomas W. Bibus
Judge of District Court