*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2006).*

## STATE OF MINNESOTA
## IN COURT OF APPEALS
## A07-0958

Paul Morrissey, et al.,
Appellants,

vs.

Gurtek Custom Builders,
Respondent,

Zimmerman Stucco and Plaster, Inc.,
Respondent.

**Filed April 29, 2008**
**Affirmed**
**Kalitowski, Judge**

Ramsey County District Court
File No. C2-05-6787

Eric J. Rucker, Craig R. Baune, Briggs and Morgan, P.A., 2200 IDS Center, 80 South Eighth Street, Minneapolis, MN 55402 (for appellants)

Andrew T. Shern, Chris Angell, Murnane Brandt, 30 East Seventh Street, Suite 3200, St. Paul, MN 55101-4919 (for respondent Gurtek Custom Builders)

James A. Reding, Jr., Eric L. Nelson, Reding & Pilney, 8661 Eagle Point Boulevard, Lake Elmo, MN 55042 (for respondent Zimmerman Stucco and Plaster)

Considered and decided by Minge, Presiding Judge; Kalitowski, Judge; and Connolly, Judge.



UNPUBLISHED OPINION

**KALITOWSKI**, Judge

On appeal from the district court's dismissal of their lawsuit against respondents Gurtek Custom Builders (Gurtek) and Zimmerman Stucco and Plaster, Inc. (Zimmerman), appellants Paul and Kathryn Morrissey argue that the district court abused its discretion by excluding appellants' causation expert witness and dismissing appellants' case in its entirety based on the lack of admissible evidence of causation. By notice of review, respondent Zimmerman contends the district court abused its discretion by denying its spoliation claim and excluding the testimony of its expert. We affirm.

## DECISION

### I.

Appellants argue that the district court abused its discretion by excluding the testimony of the expert witness they indicated would provide evidence of causation. We disagree.

Deciding whether to exclude expert-witness testimony is an evidentiary ruling that we review for an error of law or an abuse of discretion. *Gross v. Victoria Station Farms, Inc.*, 578 N.W.2d 757, 760 (Minn. 1998); *Benson v. N. Gopher Enters.*, 455 N.W.2d 444, 445 (Minn. 1990). The district court abuses its discretion if its decision is "against logic and the facts on record." *Putz v. Putz*, 645 N.W.2d 343, 347 (Minn. 2002). An appellant has the burden of proving that the district court abused its discretion. *Jerry's Enters., Inc. v. Larkin, Hoffman, Daly & Lindgren, Ltd.*, 691 N.W.2d 484, 494 (Minn. App. 2005).

When expert testimony is not based on novel scientific evidence, it must be shown to "be relevant, be given by a witness qualified as an expert, and be helpful to the trier of fact" before it is admitted. *State v. DeShay*, 645 N.W.2d 185, 191 (Minn. App. 2002) (quotation omitted); *see also* Minn. R. Evid. 402 (stating generally that relevant evidence is admissible); Minn. R. Evid. 702 (explaining that an expert's opinion is relevant if it provides "scientific, technical, or other specialized knowledge [that] will assist the trier of fact to understand the evidence or to determine a fact in issue").

Here, appellants argue that the district court confused the concept of foundational reliability with witness credibility when it excluded the expert's testimony. We have recognized that "[w]here an expert is qualified and his or her opinion has a relevant basis, the credibility and weight of the testimony is to be decided by the jury." *Behlke v. Conwed Corp.*, 474 N.W.2d 351, 357 (Minn. App. 1991), *review denied* (Minn. Oct. 11, 1991). And a district court's exclusion of a qualified expert's testimony based solely on its perception of the expert's credibility constitutes reversible error. *Carlson v. SALA Architects, Inc.*, 732 N.W.2d 324, 330 (Minn. App. 2007) (stating that even when "the paucity of [the expert's] reliability" is "striking" that the jury still determines whether it is credible), *review denied* (Minn. Aug. 21, 2007). But here, the record indicates that the district court's exclusion of the witness's testimony was not based solely on its credibility determination.

In addition to finding that the witness was unreliable, the district court also found the witness was unqualified. And determining whether an expert is qualified is a matter that rests almost entirely within the district court's discretion. Minn. R. Evid. 104;

3

*Brooks Realty, Inc. v. Aetna Ins. Co.*, 276 Minn. 245, 256, 149 N.W.2d 494, 502 (1967). The district court reasoned that because the witness's contracting license was revoked in 2001 following numerous complaints filed about him with the Department of Commerce, he was not competent to testify about whether other contractors abided by proper industry practices. In addition, the record indicates that the district court was aware of the fact that another district court had cited the revocation of the witness's contracting license and previously determined that the witness was not qualified to testify as an expert. We conclude that it was not against logic and the facts on the record for the district court to decide that the witness was unqualified to testify about proper practices to which he himself was unable to abide.

Moreover, the district court's exclusion of the witness's testimony was not based on an erroneous application of the law. Although lacking a license does not automatically preclude an expert from testifying, what was crucial to the district court's qualification determination was not the lack of license, but rather the basis for its revocation. *See Gross*, 578 N.W.2d at 761 (explaining that the occupational history of the proposed expert is relevant to a qualifications determination).

In sum, because the district court's determination that the witness was unqualified to testify as an expert was not against logic and the facts on the record, and not based on an erroneous view of the law, we conclude that the district court exclusion of the witness was within its discretion.

II.

Appellants contend that the district court abused its discretion by dismissing appellants' entire case due to lack of admissible evidence of causation. We disagree.

We review a district court's dismissal of an action for procedural irregularities for an abuse of discretion. *Sorenson v. St. Paul Ramsey Med. Ctr.*, 457 N.W.2d 188, 190 (Minn. 1990). Accordingly, we review sanctions imposed for a party's failure to disclose information regarding their expert witnesses for an abuse of discretion. *Dennie v. Metro. Med. Ctr.*, 387 N.W.2d 401, 404 (Minn. 1986). An appellant has the burden of showing that the district court abused its discretion by resolving the matter in a manner that is against logic and the facts on record. *Jerry's Enters.*, 691 N.W.2d at 494.

But failure to timely disclose an expert's identity should result in its suppression only where the party's failure to disclose is shown to be inexcusable and disadvantageous to the opposing party. *Dennie*, 387 N.W. 2d at 406 (stating that suppression is "a serious sanction and should be imposed only in the most compelling circumstances"); *see also Krech v. Erdman*, 305 Minn. 215, 217, 233 N.W.2d 555, 557 (1975) (stating that a continuance is an adequate remedy unless the violation is willful and the damage done is permanent). The Minnesota Supreme Court has enumerated several factors that district courts should consider when deciding whether to suppress expert testimony, including

> (1) the extent of preparation required by an opposing party in preparing for cross-examination or rebuttal of expert witnesses;
> (2) when the expert agreed to testify;
> (3) when the party calling the expert notified the opposing party of the expert's availability;

5

> (4) when the attorney calling the expert assumed control of the case;
> (5) whether a party intentionally and willfully failed to disclose the existence of a trial expert; and
> (6) whether the opposing party sought a continuance or other remedy.

*Dennie*, 387 N.W.2d at 406.

Here, appellants argue that the district court abused its discretion by dismissing their entire case instead of allowing one of appellants' other experts to testify regarding causation and apportionment of damages. But appellants' failure to ask the district court for a continuance or any other less severe sanction at the motion hearing weighs against them being allowed to raise this argument for the first time on appeal. *Id.*; *see also Thiele v. Stich*, 425 N.W.2d 580, 582 (Minn. 1988) (stating that generally this court only addresses issues considered by the district court).

Moreover, appellants' failure to disclose their intent to call anyone other than the excluded witness to testify on the issue of causation until the day of trial was inexcusable and prejudiced respondents. Despite knowing two months before trial that respondent Gurtek intended to bring a motion to exclude the causation witness from testifying as an expert at trial, appellants failed to disclose its intentions to call anyone else on the issue of causation. In addition, appellants knew that their witness's contracting license had been revoked and that he had recently been disqualified as an expert witness by a district court judge in a separate case. Thus, the district court's dismissal of appellants' claims was not so much a sanction, as a consequence of appellants' inability to prove their claim. *See Patton v. Newmar Corp.*, 538 N.W.2d 116, 118 (Minn. 1995) (reasoning that

although the dismissal was a "sanction," essentially the case was dismissed because once the expert's investigation was excluded the remaining evidence was insufficient to establish a prima facie case). Accordingly, it was not the district court's exclusion of the witness's testimony that was responsible for appellants' failure to find and timely identify an alternative witness on causation.

Because none of appellants' other witnesses were identified as experts expected to testify on the causation issue, respondents did not depose or discover their causation opinions. And appellants presented no evidence that their other witnesses were qualified to testify regarding the complex causation issues involved here. Therefore, allowing these witnesses to testify as to causation would have prejudiced respondents by denying them the opportunity to challenge the qualifications of appellants' experts and the probative value of their opinions.

In sum, because appellants' failed to disclose their intent to call any of their other witnesses as a causation expert until the day of trial, we conclude that the district court's dismissal of appellants' entire case was within its discretion.

### III.

In its notice of review, respondent Zimmerman asserts that the district court abused its discretion by denying its spoliation claim and excluding the testimony of its expert. Because we affirm the district court's dismissal of appellants' case, we need not address these issues.

**Affirmed.**

7